IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDOUL DAVIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 3:23-CV-2104-D |
| | § | (NO. 3:17-CR-517-D) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Movant Kendoul Davis ("Davis") moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons explained, the court dismisses the motion with prejudice and also denies a certificate of appealability.

I

On October 11, 2017 Davis was charged in a one-count indictment with the offense of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Davis*, No. 3:17-CR-517-D (N.D. Tex.) ("Crim. Case"). Davis initially pleaded not guilty, but he later signed a factual resume and entered a plea of guilty. On October 12, 2018 the court sentenced Davis to 57 months' imprisonment. Davis did not appeal his sentence.

II

Motions brought under § 2255 are subject to a one-year limitations period that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Because Davis did not appeal, the judgment became final October 26, 2018. *Clay v. United States*, 537 U.S. 522, 527 (2003); Fed. R. App. P. 4(b)(1)(A). Accordingly, his motion, which was filed September 14, 2023, cannot be considered timely unless subsection (3) applies.

Davis recognizes that his motion was not filed within one year of the date his judgment became final. He maintains, however, that the one-year statute does not apply because he is relying "on a new rule of constitutional law that was recently decided by the U.S. Supreme Court." Dkt. No. 1, ¶ 18. The case he references, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), was decided June 23, 2022, almost fifteen months before he submitted his § 2255 motion for filing. Dkt. No. 1 (reflecting that the motion was placed in the prison mailing system on September 14, 2023). Thus the motion is not timely in any event. Davis has made no attempt to show that he would be entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the burden is on the movant to show that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented his timely filing of the motion).

Even if the court assumes *arguendo* that the motion was timely, *Bruen* did not announce a new rule that may be asserted retroactively on collateral review. Historically, the Supreme Court of the United States has recognized "longstanding prohibitions on the possession of firearms by felons" as lawful limitations on the right to bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). *Bruen* does not disturb this precedent, considering that even the *Bruen* dissent recognized that the opinion "cast no doubt on that aspect of *Heller*'s holding" permitting felons to be prohibited from possessing firearms. *Bruen*, 597 U.S. at 129 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting). The Fifth Circuit has recognized this as well. *United States v. Daniels*, 77 F.4th 337, 343 (5th Cir. 2023); *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023). As this court has recently held, § 922(g)(1) "passes constitutional muster." *United States v. Robinson*, 680 F.Supp.3d 737, 740-41 (N.D. Tex. 2023) (Godbey, C.J.).

Davis' motion under 28 U.S.C. § 2255 is dismissed with prejudice.

III

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Davis has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Davis files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

June 5, 2024.

                                            SIDNEY A. FITZWATER
                                            SENIOR JUDGE